*Abel E. Blackmar* and *David C. Bennett* for appellants.
*Rowland Miles* and *William T. McCoun* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.  Absent: HISCOCK, Ch. J.

---

THE STOCK QUOTATION TELEGRAPH COMPANY, Appellant and Respondent, *v.* NICHOLAS J. HAYES, as Commissioner of Water Supply, Gas and Electricity of the City of New York, et al., Respondents and Appellants, Impleaded with Another.

*Corporations — franchise — contract — New York city — duress — action to restrain city of New York from interfering with franchise to operate telegraph line, to annul contract on ground it was executed under duress and to recover money paid under terms of contract.*

*Stock Quotation Telegraph Co.* v. *Hayes*, 216 App. Div. 710, affirmed.

(Argued November 29, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 22, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.  The action was brought by plaintiff to obtain a decree establishing that in 1882 it obtained a State franchise to erect and operate electric telegraph lines over the streets of the city of New York for the purpose of carrying on a " stock ticker," " bulletin business " or " news service business; " restraining the city and its officials from interfering with this franchise and annulling a contract made on May 8, 1913, between plaintiff and the city of New York, on the ground that it was executed under coercion and through duress, and also to recover back the initial payment and various sums of money paid annually, between June 7, 1913, and November 1, 1919, to the city as percentages of plaintiff's gross receipts.

Prepared by State Reporter from Appeal Papers

The defendants denied that plaintiff is a telegraph corporation and affirmatively alleged that plaintiff is not a telegraph company, does not do a telegraph business and denied that there was any coercion or duress in the inception of said contract of May 8, 1913, and alleged that this contract was voluntarily entered into by the plaintiff. The trial court granted plaintiff the relief prayed for without interest on the sums paid. The Appellate Division modified by granting interest from the date of demand. Plaintiff appealed from so much of judgment as denied interest from date of demand. Defendant appealed from the whole judgment.

*Morgan J. O'Brien, Jr., Morgan J. O'Brien* and *Bernard Sobol* for plaintiff, appellant and respondent.

*George P. Nicholson, Corporation Counsel* (*Vincent Victory* of counsel), for defendants, respondents and appellants.

Judgment affirmed, without costs; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: HISCOCK, Ch. J.

---

GERTRUDE HIMMELMAN, Respondent, *v.* 540 WEST 146TH STREET, INC., et al., Defendants, and CAPITAL CITY SURETY COMPANY, Appellant.

*Appeal — action to foreclose mortgage — deficiency judgment — appeal from order of modification dismissed on ground not a final order.*

*Himmelman* v. *Capital City Surety Co.*, 216 App. Div. 418, appeal dismissed.

(Argued November 29, 1926; decided December 31, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee in an action to foreclose a mortgage. The question was as to the validity of a deficiency judgment against defendant, appellant, which was surety upon a